**WO**                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, ) | No. CV 07-1941-PHX-MHM (BPV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| R. Reyes, et al., ) | |
| Defendants. ) | |

Plaintiff Francis A. Grandinetti, II, who is confined in the CCA-Saguaro Correctional Center in Eloy, Arizona, filed a *pro se* civil rights Complaint, which the Court construed as being brought pursuant to 42 U.S.C. § 1983. On October 31, 2007, the Court dismissed the action pursuant to 28 U.S.C. § 1915(g) because more than three of the prior actions Plaintiff has filed in federal courts have been dismissed as frivolous, malicious, or as failing to state a claim. The Court also found that Plaintiff's Complaint did not allege imminent danger of serious physical injury.

On November 15, 2007, Plaintiff filed a Motion for Extension of Time to File a Motion to Amend/Alter Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) of the Federal Rules of Civil Procedure states, "Any motion to alter or amend a judgment shall be filed not later than 10 days after entry of the judgment." Judgment in this action was entered on October 31, 2007. Because the time for filing a

1 motion to alter or amend judgment under Rule 59(e) has passed, the Court will deny the
2 Motion.

3 On March 7, 2008, Plaintiff filed a "Motion to Continue Judgment and
4 Findings/Order," which the Court will construe as a motion for reconsideration. Motions for
5 reconsideration should be granted only in rare circumstances. Defenders of Wildlife v.
6 Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the
7 district court (1) is presented with newly discovered evidence, (2) committed clear error or
8 the initial decision was manifestly unjust, or (3) if there is an intervening change in
9 controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255,
10 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to
11 rethink what the court had already thought through — rightly or wrongly.'" Defenders of
12 Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,
13 99 F.R.D. 99, 101 (E.D.Va. 1983)). Plaintiff has not presented the Court with newly
14 discovered evidence nor has he alleged an intervening change in controlling law. The Court
15 has reviewed both Plaintiff's Complaint and the Order of dismissal and finds no basis for
16 reconsideration. Accordingly, the Court will deny Plaintiff's March 7, 2008 Motion.

17 **IT IS ORDERED:**

18 (1) Plaintiff's November 15, 2007 Motion (Doc. #7 ) is **denied**.

19 (2) Plaintiff's March 7, 2008 Motion (Doc. #8) is **denied**.

20 DATED this 14th day of April, 2008.

Mary H. Murgula
United States District Judge